IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

GENE B. ADAMS, ET AL.,
Plaintiffs,
v.
OWENS-CORNING FIBERGLAS CORP., ET AL.,
Defendants.
No. 2:02-0375
KATIE BROWN, Individually and as Executrix of the Estate of HOWARD E. BROWN, deceased, ET AL.,
2:02-0381
Plaintiffs,
v.
NORFOLK & WESTERN RAILWAY CO., ET AL.,
Defendants.
FILED
APR 24 2002
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

## NOTICE OF REMOVAL

**NOTICE IS HEREBY GIVEN** that, pursuant to 28 U.S.C. §§ 1332, 1334, 1441, and 1452, defendants CertainTeed Corporation, C.E. Thurston & Sons, Inc., I.U. North America, Inc., Maremont Corporation, Nosroc Corporation, Quigley Company, Inc., and Union Carbide Corporation (the "Removing Defendants") hereby remove Plaintiffs' Motion To Enforce Pre-Trial Settlement in the above-captioned cases, which previously was pending in the Circuit Court of Kanawha County, West Virginia,[1] to this Court. A copy of the state court filing which initiated

[1] These cases were originally filed in the Circuit Court of Marshall and McDowell Counties, but were transferred to Kanawha County as part of the ongoing West Virginia mass asbestos consolidation captioned In re: Asbestos Personal Injury Litigation, No. 02-9000.

plaintiffs' action to recover under the settlement agreement herein is attached as Exhibit A hereto. The basis for this removal are as follows:

1. Plaintiffs previously filed original complaints, each of which alleged that some or all of the above-named defendants as well as other companies were responsible for personal injuries caused by plaintiffs' alleged exposure to asbestos-containing products. On September 4, 1998, plaintiffs' counsel (as agent for his clients) and the Center For Claims Resolution, Inc. ("CCR") (as agent for its member companies that were defendants in plaintiffs' personal injury cases) entered into an agreement to settle plaintiffs' claims against the CCR member-defendants in those cases.

2. The parties to the settlement agreement included Armstrong World Industries, Inc., Flexitallic, Inc., GAF Corporation, T&N plc, and United States Gypsum Company, all of which have now filed for bankruptcy and have defaulted on their obligations under the settlement agreement.

3. On or about April 10, 2002, plaintiffs filed a motion alleging that the above-named defendants are jointly liable for the unpaid settlement amounts owed by the companies that have filed for bankruptcy. Under 28 U.S.C. § 1446(b), that motion was the first filing in these cases which made them removable.

4. These actions are ones "arising under title 11, or arising in or related to [a case] under title 11," and this Court therefore has original jurisdiction over these actions. 28 U.S.C. § 1334(b). Under the standard articulated in most circuits, jurisdiction exists under § 1334 if a case "could conceivably have any effect on the estate being administered in bankruptcy." Celotex Corp. v.

Edwards, 514 U.S. 300, 308 n.6 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).[2]

5. It is equally settled that that standard is satisfied with respect to any claims that allege joint conduct by the debtor and the defendants that are premised on joint and several liability among the debtor and the defendants. See, e.g., In re Wood, 825 F.2d 90, 93-94 (5th Cir. 1987) ("when the plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334") (also citing other decisions).

6. That standard is also satisfied with respect to claims, such as these, where the debtor has a contractual duty to wholly or partially indemnify the non-debtor. See, e.g., Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 750 (7th Cir. 1989) (contractual indemnity rights against debtor may establish jurisdiction under § 1334); Belcufine v. Aloe, 112 F.3d 633, 636-37 (3d Cir. 1997) ("Pacor specifically notes that contractual indemnity claims can have an effect on a bankruptcy estate and thus provide a basis" for jurisdiction under § 1334).

7. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Therefore, because this Court has § 1334 jurisdiction over the claims asserted by plaintiffs, these cases may be removed to this Court under § 1452(a).

8. Any defendant may remove a claim or cause of action under § 1452, regardless of the consent of the other parties to the action. See, e.g., Creasy v. Coleman Furniture Corp., 763 F.2d

---

[2] The Supreme Court noted in Celotex (514 U.S. at 308 n.6) that that standard has also been adopted by the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits, and that the standards adopted by the Second and Seventh Circuits are only "slightly different."

656, 660 (4th Cir. 1985); Sommers v. Abshire, 186 B.R. 407, 409 (E.D. Tex. 1995); Toyota v. Howell, 1997 U.S. Dist. LEXIS 5890 (E.D. La. Apr. 29, 1997).

9. The removed claims and/or causes of action are "core" matters with respect to the Armstrong World Industries, Inc., Flexitallic, Inc., GAF Corporation, T&N, plc, and United States Gypsum Company bankruptcy proceedings. (Even if the claims were determined to be non-core matters, the removing parties do not at this time consent to the entry of final orders by a bankruptcy judge.)

10. Although plaintiffs' Motion To Enforce Pre-Trial Settlement argues that federal courts, including this Court, have remanded similar actions, that assertion is not accurate. In similar actions seeking to recover unpaid portions of CCR-negotiated settlement agreements, this Court has either stayed the cases until the Judicial Panel on Multidistrict Litigation transferred them to the MDL-875 proceedings before the Honorable Charles R. Weiner of the U.S. District Court for the Eastern District of Pennsylvania (where over 20 similar cases are currently pending), or transferred the cases to the District of Delaware (the location of the Armstrong bankruptcy). See Order in Atkins v. A.P. Green Services, Inc., et al., No. 2:01-0781 (S.D.W.V. Jan. 3, 2002); Order in Ruggles v. Armstrong World Industries, Inc., et al., No. 3:01-00116 (S.D.W.V. Mar. 9, 2001); Order in Jones v. Armstrong World Industries, Inc., et al., No. 3:01-00111 (S.D.W.V. Mar. 9, 2001). The Northern District of West Virginia has similarly refused to remand such cases, and has instead transferred a related action to the District of Delaware. See Order in In re: Mon Mass II (Crawford), No. 1:01-CV-48 (N.D.W.V. May 14, 2001). All of the decisions that plaintiffs cite are distinguishable because (among other reasons) they either do not involve efforts to recover under CCR-negotiated settlement agreements, or were not decided by West Virginia courts.

11. A copy of plaintiffs' Motion To Enforce Pre-Trial Settlement is being filed along with this Notice of Removal.

12. Pursuant to Bankruptcy Rule 9027(b) and (c) and/or 28 U.S.C. § 1446(d), the undersigned counsel certifies that, promptly after the filing of this Notice of Removal, copies of the Notice will be served upon opposing counsel and filed with the state court.

13. The filing of this Notice, along with the filing of a copy of the Notice in the state court and service of the Notice upon opposing counsel, serves immediately to confer exclusive jurisdiction over this matter upon this Court, and to divest the state court of all jurisdiction over these proceedings and the claims and/or causes of action raised therein. See, e.g., Maseda v. Honda Motor Co., 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further"); 14C C. Wright, et al., Federal Practice and Procedure § 3737 (3d ed. 1988).

Respectfully submitted,

J. Tyler Dinsmore
(WEST VIRGINIA BAR NO. 5823)
Flaherty, Sensabaugh & Bonasso
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200

Charles R. Bailey
(WEST VIRGINIA BAR NO. 0202)
Brian D. Morrison
(WEST VIRGINIA BAR NO. 7489)
405 Capital Street, Suite 1007
Post Office Box 3710
Charleston, West Virginia 25337-3710
(304) 345-4222

and

Of Counsel:
Ronald B. Rubin
Michael A. Stodghill
Rubin & Rubin, Chtd.

Thomas E. Buck
(WEST VIRGINIA BAR NO. 6167)
Bailey & Wyant, P.L.L.C.
1219 Chapline Street

One Church Street, Suite 301
Rockville, MD 20850
(301) 610-9700

Counsel for defendant
Quigley Company, Inc.

Wheeling, WV 26003
(304) 233-3100

Of Counsel:
Valerie E. Ross
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000

Counsel for defendants CertainTeed., C.E. Thurston & Sons, Inc., I.U. North America, Inc., Maremont Corp., Nosroc Corp., and Union Carbide Corp.

April 24, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| GENE B. ADAMS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>OWENS-CORNING FIBERGLAS CORP., ET AL.,<br><br>Defendants. | No. ______________ |
| KATIE BROWN, Individually and as Executrix of the Estate of HOWARD E. BROWN, deceased, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>NORFOLK & WESTERN RAILWAY CO., ET AL.,<br><br>Defendants. | |

**CERTIFICATE OF SERVICE**

I, Brian D. Morrison, counsel for defendants CertainTeed Corp., C.E. Thurston & Sons, Inc., I.U. North American, Inc., Maremont Corp., Nosroc Corp., and Union Carbide Corp., hereby certify that on this 24th day of April, 2002, I served a true and exact copy of the foregoing **NOTICE OF REMOVAL** upon counsel of record by facsimile and by Federal Express overnight delivery:

R. Dean Hartley, Esq.
James M. O'Brien, Esq.
Hartley O'Brien Parsons Thompson & Hill, PLLC
The Wagner Building
2001 Main Street, Suite 600
Wheeling, WV 26003
fax: (304) 233-0774

Brian D. Morrison
(WEST VIRGINIA BAR NO. 7489)

**EXHIBIT A**

(Please refer to exhibits attached to Removal filed in *Emch, et al. v. OCF,* 95-C-215M)

See Exhibits in CA-2:02-0374